IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA D. PEAGLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:97-cv-01043-B |
| | ) [WO] |
| JOANNE B. BARNHART, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER ON MOTION**

After consideration of the *Petition For Authorization Of Attorney's Fees* (Doc. 20, Aug. 2, 2005) as well as *Defendant's Response To Plaintiff's Motion For Attorney Fees Under 42 U.S.C. §406(b)* (Doc. 23, Aug. 8, 2005), the court concludes that the motion should be granted.

**I.   BACKGROUND**

Plaintiff, Debra D. Peagler ("Peagler") retained R. Michael Booker, Esq. ("Petitioner") for legal representation on her complaint filed July 7, 1997 , for judicial review of an administratively denied claim for disability benefits.  They contracted for "a fee equal to 25% of past due benefits" paid to Peagler in the event of a successful prosecution of her claim.[1]  This court entered a Final Judgment on September 9, 1999, remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

A favorable decision, dated May 17, 2001, awarded  monthly disability benefits and approved  attorney fees: "Because of the law, we usually withhold 25 percent of the total past-due

---

[1]  *See Ex. A* , *Petition* at ¶1 ("*Pet.*").

benefits or the maximum payable under the fee agreement to pay an approved lawyer's fee. We withheld $10,717.00 from the past-due benefits to pay the lawyer."[2]

Pursuant to Petitioner's October 1, 1999 request for attorney fees under the Equal Access to Justice Act ("EAJA"), this court ordered the Commissioner to pay the amount of $1,062.50.[3] Petitioner has also been awarded a fee of $8,405.00 for services rendered at the administrative levels.[4] Acknowledging receipt of the awarded EAJA fees, the Petitioner indicates that "these funds will be refunded to the plaintiff in an effort to help her recover a portion of the attorney's fees withheld for my representation."[5] The fees now requested total $2,312.00 for nine hours of legal representation in this court between June 5, 1997 and October 15, 1999.[6] The Commissioner "believes that Plaintiff's counsel's request for attorney fees in the amount of $3,374.50 is reasonable" but "requests that if the Court awards attorney fees under section 406(b), it order counsel to refund the smaller fee to Plaintiff."[7]

## II.  DISCUSSION

Added to the $8,405.00 awarded for administrative representation, the $2,312.00 requested for representation before this court would give Petitioner a total fee which is equivalent to the amount withheld as 25% of Peagler's award for past-due benefits. The statute which governs Petitioner's request – 42 U.S.C. §406(b)– authorizes a reasonable fee "not in excess of 25 percent

---

[2]  *See Ex. C.*

[3]  *See Order* on Oct. 20, 1999 (Doc. 19); *see also Pet.* at ¶6.

[4]  *See Ex. D, Pet.* at ¶5.

[5]  *Pet.* at ¶6.

[6]  *Pet.* at ¶7. The requested fees are itemized on *Ex. B*.

[7]  *Def.'s Response* at 2.

of the total of past-due benefits to which the claimant is entitled ....and such fees are payable out of, and not in addition to, the amount of [the] past due benefits."[8]

Contingent fee agreements are common in federal actions under the Social Security Act, and Section 406(b) limits, but does not displace, such agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Instead, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." So long as the contingent fee does not exceed 25% of the past-due benefits, "the attorney for the successful claimant must [simply] show that the fee sought is reasonable for the services rendered." *Id.* at 807. Fees awarded pursuant to Section 406(a) and Section 406(b) are awarded in addition to any attorney fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified."*Id.* at 796. In order to avoid a double recovery of attorney fees, a claimant's counsel who is awarded attorney fees under §406(b) and the EAJA must refund the lesser amount to his client. *Coppett v. Barnhart,* 242 F.Supp. 2d 1380, 1383 (S.D.Ga. 2002) (citation omitted).

The court finds reasonable the nine hours itemized as well as the requested fee of $2,312.00 for preparing the complaint, client communications, legal research, review of pleadings and pertinent documents, preparation of a brief and the EAJA application. There is no evidence that Petitioner, who advocates frequently in this court for social security claimants, acted in bad faith or in a dilatory manner with proceedings in this case. His competent representation for approximately seven years resulted in a fully favorable decision which awarded substantial monthly and retroactive benefits to Peagler.

---

[8] Section 404(a) of Title 42 provides for "fees for representation before Commissioner" while Section 404(b) addresses "fees for representation before court."

The contingency fee contract served to benefit Peagler by transferring the risk of loss to her counsel while providing her an opportunity to challenge the administrative denial of her claims. By his pledge to refund to Peagler attorney fees awarded under the EAJA, Petitioner acknowledges his duty to prevent any double recovery of fees from the government and from his client. In sum, the court finds the requested fees reasonable and consistent with the claimant's expectation under her contingency fee agreement.

### III.  CONCLUSION

Consistent with these findings, it is the **ORDER, JUDGMENT, and DECREE** of this court that:

1. the *Petition For Authorization Of Attorney's Fees* (Doc. 20, Aug. 2, 2005) is **GRANTED**;

2. the Petitioner, R. Michael Booker, Esq, is awarded attorney's fees pursuant to 42 U.S.C. §406(b) in the total amount of $ 2,312.00; and

3. the Petitioner, R. Michael Booker, Esq., is DIRECTED to refund forthwith to the Plaintiff, Debra D. Peagler, the $1,062.50 previously paid to Petitioner as an award of fees under the Equal Access to Justice Act.

Done this 15TH day of August, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE